**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 9, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60717
Summary Calendar

WILFIDO RUMALDO ZAPET,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70792090
--------------------

Before JOLLY, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

Wilfido Rumaldo Zapet petitions for review of the Board of Immigration Appeals' opinion that affirmed the decision of the Immigration Judge ("IJ") denying Zapet asylum and withholding of removal. Zapet contends that he established past persecution by guerrillas in Guatemala and that it is reasonable for him to believe that if he is forced to return to Guatemala, he will be punished or killed because he fled from the guerrillas. Zapet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the BIA erred by failing to consider documentary evidence that he provided in support of his position.

We review the IJ's decision because the BIA summarily affirmed without opinion and essentially adopted the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Review of the legal conclusions is de novo; review of the findings is for substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). The findings are accepted "'unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise.'" Lopez-Gomez, 263 F.3d at 444.

The Attorney General may grant asylum to a refugee who has established past persecution or a well-founded fear of persecution in the country of origin on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. at 444-45.

Substantial evidence supports the IJ's findings that Zapet's single encounter with guerrilla forces in Guatemala when the guerillas attempted to recruit him did not establish past persecution. See id. at 444; cf. Mikhael, 115 F.3d at 303-04. Substantial evidence supports the IJ's finding that Zapet did not establish a well-founded fear of persecution. See Mikhael, 115 F.3d at 304-05; see also INS v. Elias-Zacarias, 502 U.S. 478, 479-80 (1992).

The IJ admitted documentary evidence provided by Zapet. Zapet does not identify the particular documentary evidence that he alleges the BIA did not consider, nor does he explain why the specific evidence was pivotal to his case. Zapet has not shown error.

The standard for withholding of removal is more stringent than the standard necessary for asylum and requires the alien to make a showing that a "'clear probability'" exists that he will be persecuted if he is removed. Mikhael, 115 F.3d at 306. Because Zapet did not make the required showing for asylum, he was not eligible for withholding of removal. Id. at 306 & n.10.

Accordingly, the petition for review is DENIED.